FILED

06/14/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0548

DA 15-0548

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 148N

IN THE MATTER OF THE ESTATE OF:

ROBERT A. WHITE,

     Deceased.

| | |
|---|---|
| APPEAL FROM: | District Court of the Sixth Judicial District,<br>In and For the County of Park, Cause No. DP 94-44<br>Honorable Mike Salvagni, Presiding Judge |

COUNSEL OF RECORD:

     For Appellant:

          Terry F. Schaplow, Attorney at Law, Bozeman, Montana

     For Appellee:

          Jami Rebsom, Attorney at Law, Livingston, Montana

Submitted on Briefs: April 27, 2016

Decided: June 14, 2016

Filed:

_____
                    Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Robert L. White (White) appeals from an order entered by the Sixth Judicial District Court, Park County, denying his motions for an accounting and production of documents and granting Deborah Juhnke's (Juhnke), Robert A. White's personal representative, motion to close the estate. We affirm.

¶3 White and Juhnke are the sibling descendants of the decedent, Robert A. White. On April 8, 2015, the District Court granted Juhnke's motion to close the estate of Robert A. White. On April 13, 2015, the District Court filed its order closing Robert A. White's estate. Juhnke filed a notice of entry of final judgment on May 14, 2015. On June 12, 2015, White filed a motion for the District Court to correct its order, wherein White accused Juhnke of fraud. The District Court did not expressly rule on this motion, but it was deemed denied pursuant to Mont. R. Civ. P. 59(f) after 60 days. White filed a notice of appeal with the Montana Supreme Court on September 8, 2015.

¶4 The dispositive issue raised is whether this appeal is timely. This Court has appellate jurisdiction and "may make rules governing appellate procedure." Mont. Const. art. VII, § 2(1), (3). "A party may appeal from a final judgment." M. R. App. P. 6(1). "A final judgment conclusively determines the rights of the parties and settles all claims

2

in controversy in an action or proceeding." M. R. App. P. 4(1)(a). "In civil cases . . . the notice of appeal shall be filed with the clerk of the supreme court within 30 days from the date of entry of the judgment or order from which the appeal is taken." M. R. App. P. 4(5)(a)(i). If notice of entry of judgment is required, the thirty day period "shall not begin to run until service of the notice of entry of judgment." M. R. App. P. 4(5)(a)(i).

¶5 Here, the District Court filed its order closing the estate of Robert A. White on April 13, 2015. The order closing the estate constituted a final judgment in this matter. Juhnke filed a notice of entry of final judgment on May 14, 2015. White had thirty days from May 14, 2015, to file a notice of appeal with this Court. Instead, White filed this appeal on September 8, 2015, or 117 days after the notice of entry of final judgment. We conclude that this appeal is not timely.

¶6 In her brief, Juhnke asks this Court to impose sanctions upon White for filing this appeal. "The supreme court may, on a motion to dismiss, a request included in a brief, or sua sponte, award sanctions to the prevailing party in an appeal, cross-appeal, or a motion or petition for relief determined to be frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds. Sanctions may include costs, attorney fees, or such other monetary or non-monetary penalty as the supreme court deems proper under the circumstances." M. R. App. P. 19(5). "This Court does not readily impose sanctions for filing frivolous appeals. As a general rule, we impose sanctions in cases only where the appeal is entirely unfounded and intended to cause delay, or where counsel's actions otherwise constitute an abuse of the judicial

3

system." *Bi-Lo Foods Inc. v. Alpine Bank*, 1998 MT 40, ¶ 36, 287 Mont. 367, 955 P.2d 154 (citations omitted).

¶7    Juhnke argues that, in this appeal, White is "using the justice system to harass and intimidate [her]." Juhnke complains that White "has been intervening and interfering with [her] job as Personal Representative in this matter since its inception in 1994." She requests her attorney fees and costs incurred in defending this appeal pursuant to M. R. App. P. 19(5). Upon review of the record, we find White's appeal to be an abuse of the judicial system, filed for the purpose of harassing Juhnke. This appeal is entirely unfounded because it is not timely. We invoke M. R. App. P. 19(5) to grant Juhnke her request for attorney fees and costs associated with this appeal to be determined on remand to the District Court.

¶8    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no issues of first impression and does not establish new precedent or modify existing precedent.

¶9    We affirm and remand for determination of Juhnke's attorney fees and costs incurred on appeal.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE

4